UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

AARON HESS and JENNIFER HESS,   )
                                )
         Plaintiffs,            )
                                )
v.                              )     No.  4:12CV22 TIA
                                )
WELLS FARGO HOME MORTGAGE, et al.,   )
                                )
         Defendants.            )

**MEMORANDUM AND ORDER**

This matter is before the Court on the Motion to Dismiss filed by Defendants Wells Fargo Home Mortgage Bank, N.A. and Mortgage Electronic Registrations Systems, Inc.  The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C.

**Facts**

Accepting as true all factual allegations in the complaint and viewing them in the light most favorable to the Plaintiff, Erickson v. Pardus, 551 U.S. 89, 94 (2007), the Court sets forth the following facts:

Plaintiffs Aaron and Jennifer Hess were the owners of real estate located at 537 Rustic Valley Drive in Ballwin, Missouri.  (Pet. to Quiet Title ¶ 7, ECF No. 4) On or about April 25, 2005, Plaintiffs executed a promissory note in the amount of $229,000.00, with A.A. Mortgage Corp. as the lender.  (Pet. ¶ 8, ECF No. 4) On that same date, Plaintiffs executed a Deed of Trust on the property in favor of A.A. Mortgage Corp.  (Pet. ¶ 10, ECF No. 4) The promissory note was assigned to Ohio Savings Bank.  (Pet. ¶ 9, ECF No. 4) In addition, Defendants presented a "Corporate Assignment of Deed of Trust" dated August 12, 2011, assigning the Deed of Trust from Mortgage Electronic Registration Systems, Inc., as nominee for A.A. Mortgage Corp., to Wells Fargo Bank,

N.A.  (Pet.  ¶ 11, ECF No. 4; Pet. Exh. 3, ECF No. 1-8)

On October 5, 2011, Plaintiffs filed a Petition to Quiet Title in the Circuit Court of St. Louis County, Missouri, claiming that Defendants had not provided sufficient evidence that they are the current owners, servicers, and trustees of the note and deed of trust or that they hold an enforceable interest in the property.  (Pet. ¶ 14, ECF No. 4; Notice of Removal ¶ 1, ECF No. 1) In the Petition, Plaintiffs allege that Defendants knew or had reason to know that A.A. Mortgage Corp. was not the holder of the note such that Wells Fargo was not legally the assignee of the Deed of Trust.  (Pet. ¶ 21, ECF No. 4)  Plaintiffs further contend that Defendants made false statements and representations to induce the Plaintiffs to pay money.  (Pet. ¶¶ 22, 24, ECF No. 4)  Plaintiffs asserted claims for quiet title and for unlawful merchandising practices under the Missouri Merchandising Practices Act, Mo. Rev. Stat. §§ 407.010 et seq. ("MMPA").

Defendants filed a motion to dismiss on January 12, 2012, alleging that Plaintiffs' claim for quiet title fails to state a claim in that Plaintiffs have not, and cannot, allege superior title to the subject property.  (Mot. to Dismiss ¶ 2, ECF No. 5)  Further, Defendants assert that Plaintiffs' claim for alleged violation of the MMPA fails to state a claim in that Plaintiffs have failed to allege any deceptive or unfair practice used in connection with a sales transaction under the MMPA.  (Mot. to Dismiss ¶ 3, ECF No. 5) In response, Plaintiffs contend that they have alleged sufficient facts to state claims for quiet title and violations of the MMPA.

**Standard for Ruling on a Motion to Dismiss**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  A complaint must be dismissed under Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint fails to plead

"enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). While the Court cautioned that the holding does not require a heightened fact pleading of specifics, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. This standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim. Id. at 556.

Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. See Id. at 555; see also Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff). Further a court should not dismiss the complaint simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. Twombly, 550 U.S. at 556. However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." Benton v. Merrill Lynch & Co., 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted). Further, courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555). When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. Legal conclusions must be supported by factual allegations to survive

a motion to dismiss. Id.

In general, courts must ignore materials that are outside the pleadings. Kulovic v. BAC Home Loans Servicing, L.P., No. 4:10-CV-2058 CAS, 2011 WL 1483374, at *2 (E.D. Mo. April 19, 2011) (citations omitted).  However, in addressing a motion to dismiss, courts "may consider documents attached to the complaint and matters of public and administrative record referenced in the complaint."  Great Plains Trust Co. v. Union Pac. R.R. Co., 492 F.3d 986, 990 (8th Cir. 2007) (citations omitted).

## Discussion

Defendants argue that Plaintiffs have failed to state a claim upon which relief can be granted under 12(b)(6).  Specifically, Defendants maintain that Plaintiffs' petition fails to allege a cause of action to quiet title or for violation of the MMPA.  Plaintiffs respond that the short, plain statement of facts contained in their petition is sufficient to put Defendants on notice of Plaintiffs' claims.

The undersigned finds that Plaintiffs' complaint fails to state a claim under the standards set forth in Twombly.  With regard to Plaintiffs' quiet title action, Missouri law provides that any person claiming title, estate, or interest in real property "may institute an action against any person or persons having or claiming to have any title, estate or interest in such property . . . ." Mo. Rev. Stat. § 527.150(1). "To state a cause of action to quiet title, a plaintiff must allege: (1) ownership in the described real estate; (2) that the defendant claims some title, estate or interest to or in said premises; and (3) said claim is adverse and prejudicial to plaintiff." Kulovic v. BAC Home Loans Servicing, L.P., No. 4:10-CV-2058 CAS, 2011 WL 1483374, at *10 (E.D. Mo. April 19, 2011) (citations omitted).  Plaintiffs must "plead facts showing they, in fact, have a superior title to the property at issue." Dufrenne v. CitiMortgage, Inc., No. 4:09CV1524 HEA, 2009 WL 5103275, at *3 (E.D. Mo.

Dec. 17, 2009); see also Kulovic, 2011 WL 1483374, at *10 (finding that plaintiffs failed to state a claim to quiet title where they failed to sufficiently allege superior title to the subject property).

In the instant case, Plaintiffs' petition fails to plead any facts showing that they have superior title to the property at issue.  Plaintiffs merely assert that Defendants have not provided sufficient evidence that Defendants are the current owners, servicers, and trustees of the note and deed of trust.  However, these allegations are nothing more than naked conclusions and are not supported by any facts in the petition.  As stated in the original Deed of Trust, attached to the petition and thus deemed part of the pleadings, "[t]he Note or a partial interest in the Note (together with the Security Interest) can be sold one or more times without prior notice to the Borrower." (Deed of Trust, Exh. C ¶ 20, ECF No. 1-3) Further, the Deed of Trust provides that "MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument." (Deed of Trust, Exh. C 5, ECF No. 1-3) MERS sold the Deed of Trust to Wells Fargo Bank, N.A. on August 12, 2011, and according to the Deed of Trust signed by the Plaintiffs, notice to Plaintiffs was unnecessary.  (Deed of Trust, Exh. C ¶ 20, ECF No. 1-3; Corporate Assignment of Deed of Trust, Exh. H p. 32, ECF No. 1-8).  Plaintiffs baldly claim that Defendants have not shown that they are the holders of the deed and note giving the Defendants no legal basis to foreclose upon Plaintiffs' property.[1]

Contrary to Plaintiffs' assertion, Defendants do not have the burden of demonstrating superior title.  Plaintiffs must at least plead some plausible facts showing that they have superior title for the

---

[1] Plaintiffs' reliance on Wilner v. O'Donnell, 637 S.W.2d 757 (Mo. Ct. App. 1982) is misplaced.  While that case involved notes and deeds of trust related to real estate transactions, that case involved a cause of action for wrongful foreclosure and not to quiet title.

Court to accept as true the allegations in the petition.  The petition contains no such facts, and the Court finds that Plaintiffs have failed to state a claim to quiet title and that the claim must be dismissed.

Defendants also argue that Plaintiffs have failed to state a claim for violation of the Missouri Merchandising Practices Act ("MMPA").  Specifically, Defendants assert that Plaintiffs have failed to allege that any deceptive or unfair practices were used in connection with a sales transaction as required by the MMPA.  Plaintiffs, on the other hand, contend that their petition states a claim under the MMPA based upon Defendants' advertisement and solicitation regarding a loan modification which was directed at Plaintiffs.

The undersigned finds that Plaintiffs have failed to state a claim for an MMPA violation. Under Mo. Rev. Stat. § 407.020.1:

> [t]he act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce . . . in or from the state of Missouri, is declared to be an unlawful practice.

Recently, the Missouri Court of Appeals for the Eastern District stated, "[w]e are not persuaded that actions occurring after the initial sales transaction, which do not relate to any claims or representations made before or at the time of the initial sales transaction, and which are taken by a person who is not a party to the initial sales transaction, are made 'in connection with' the sale or advertisement of merchandise as required by the MPA."  State of Missouri ex rel. Koster v. Prof'l Debt Mgmt., LLC, 351 S.W.3d 668, 674 (Mo. Ct. App. 2011).  In that case, the plaintiff sued defendant debt collector for allegedly deceptive and unfair practices.  The court applied the statutory

6

requirement "that an unfair trade practice must be made in connection with the sale or advertisement of merchandise to violate the MPA" in reaching its decision that a relationship must exist between the alleged unfair practice or deception and the initial sale or advertisement of merchandise. Id. at 675. Thus, the court declined to extend the reach of the MMPA to debt collection by a third party. Id.

Here, Plaintiffs have failed to identify a sales transaction or an advertisement of merchandise. Instead, they allege that the Defendants violated the MMPA by representing that the Deed of Trust was properly transferred. These purported actions occurred after the sale of the home and do not demonstrate a relationship between the alleged unfair practice or deception and the *initial sale* of the property. Id. at 674 (emphasis added).

Further, Plaintiffs have failed to state any deceptive or unfair practice. Plaintiffs merely mention a representation by Defendants that the Deed of Trust was properly transferred. While Plaintiffs contend in their brief that Defendants advertised a loan modification and induced Plaintiffs to believe that foreclosure would not occur unless and until Defendants denied the modification, the face of the petition fails to state a claim under the MMPA. The petition merely mentions "representations" by Defendants as the purported owners of the Note and Deed of Trust. Nothing in the Petition even infers deception in relation to a loan modification advertisement. As stated above, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Here, the factual allegations contained in the petition are merely legal conclusions and do not raise a claim under the MMPA above the speculative level.

Indeed, the only case that Plaintiffs rely upon in opposition to the motion to dismiss involved

7

a failure to disclose material information in the sale of property, wherein the Plaintiff purchased the property directly from the Defendant bank.  Hess v. Chase Manhattan Bank, USA, N.A., 220 S.W.3d 758, 763 (Mo. 2007).  The petition currently before this Court does not involve a sale of real estate between the parties and does not allege any unfair practices or deception in relation to a sale or advertisement of merchandise.  While Plaintiffs may have a cause of action under other statutes or common law, they have failed to state a cause of action under the MMPA.  State of Missouri ex rel. Koster v. Prof'l Debt Mgmt., LLC, 351 S.W.3d 668, 675 (Mo. Ct. App. 2011).  Therefore, dismissal of Count II for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is warranted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [Doc. #5] is **GRANTED.** A separate Judgment shall accompany this Memorandum and Order.

/s/ Terry I. Adelman

UNITED STATES MAGISTRATE JUDGE

Dated this   14th   day of March, 2012.